**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action File No.** |
| | ) | |
| **ALLAN B. BAITCHER (01),** | ) | **1:11-CR-536-SCJ-AJB** |
| **JACQUELINE E. FOWLER (02), and** | ) | |
| **JAMES G. HOLLOWAY (03),** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Before the Court are the following pretrial motions:

1.    James G. Holloway's motion for a bill of particulars, [Doc. 35];

2.    Allan B. Baitcher's motion to inspect, examine and test evidence, [Doc. 37];

3.    Allan B. Baitcher, Jacqueline E. Fowler, and James G. Holloway's motion *in limine* regarding *Daubert*, [Doc. 45];

4.    Jacqueline E. Fowler's motions to suppress and dismiss, [Docs. 57, 60], adopted by Allan B. Baitcher and James G. Holloway, [Docs. 58, 59];

5.    United States' motion for extension of time to file to produce expert's report, [Doc. 61];

AO 72A
(Rev.8/8
2)

6.   Jacqueline Fowler's motion to limit introduction of lamps not obtained by the government in accordance with court order, [Doc. 68], as adopted by James G. Holloway, [Doc. 69];

7.   Jacqueline Fowler's supplemental motion to suppress search and seizure, [Doc. 73]; and

8.   Jacqueline Fowler's motion for extension of time, [Doc. 80].

## I.   *Fowler's motions*

On March 6, 2013, Jacqueline Fowler tendered a guilty plea before the District Judge.  As a result, all of her motions, [Docs. 45, 57, 60, 68, 73 and 80], are **DEEMED WITHDRAWN**.

## II.   *Holloway's motion for a bill of particulars*

In his motion, Holloway seeks the following:

1.   How he knew the lamps were counterfeit lamps;

2.   When he knew the lamps were counterfeit lamps;

3.   How many of the 19 lamps he was involved with;

4.   Whether he communicated with any of the buyers directly, and if so how they communicated (i.e. if by email provide the email address);

2

5.      How he knew the buyers were being told the lamps were real Tiffany lamps;

6.      Whether he personally told any of the buyers the lamps were real, and if so, which lamps and which buyers and on what date were the communications made;

7.      Whether he had any ebay user names for his personal use that were used to advertise the sale of the allegedly fraudulent Tiffany lamps and if so what those names were and when they were used.

[Doc. 35 at 2].

Fed. R. Crim. P. (7)(c)(1) provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. (7)(f) authorizes the Court to direct the government to file a bill of particulars. The grant or denial of a bill of particulars rests within the sound discretion of the trial court. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987). The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars. *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998). A mere statement that the defendant will be prejudiced without the bill is insufficient. *See id.*

3

The purpose of a bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (italics in original). Generalized discovery is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. *Id*. at 1442; *United States v. Colson,* 662 F.2d 1389, 1391 (11th Cir. 1981). Similarly, the Eleventh Circuit has held that a bill of particulars should not "automatically [be] accorded the status of a supplement to an indictment." *Anderson*, 799 F.2d at 1442.

Furthermore, a defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources." *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Rosenthal,* 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds,* 801 F.2d 378 (11th Cir. 1986). A bill of particulars may be obtained to clarify an indictment, as long as it does not seek to determine in advance the government's proof. *United States v. Johnson,*

4

575 F.2d 1347, 1356 (5th Cir. 1978)[1]; *United States v. Smith*, 341 F. Supp. 687, 690 (N.D. Ga. 1972).  However, the fact that an indictment conforms to the simple form suggested by the Federal Rules of Criminal Procedure, or accurately tracks the statutory or regulatory language, is no answer or defense to a motion for a bill of particulars, since Rule 7(f) presupposes a valid indictment or charge against the defendant.  *See United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982) ("A bill of particulars may not save an invalid indictment[.]").  Instead, it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information "which in other circumstances would not be required because evidentiary in nature."  *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954); *Carrier*, *supra* ("[A bill of particulars] may provide the defendant with the evidentiary details needed to establish his defense.").  Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars might be still proper.  *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979); *Smith*, 16 F.R.S. at 375; Wright, *Federal Practice and Procedure*

---

[1]     In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A (Rev.8/82)

*Criminal 2d* § 129.  Finally, opposition to a bill of particulars is not properly made out by a claim that the defendant " 'knows what he did, and, therefore, has all the information necessary.' "  *United States v. Moore*, 57 F.R.D. 640, 643 (N.D. Ga. 1972) (quoting *Smith*, *id.*).

Holloway's motion should be denied because he has not shown that a bill of particulars is necessary to inform him of the charges against him with sufficient precision to allow him to prepare his defense, minimize any surprise at trial, or enable him to plead double jeopardy in the event of a later prosecution for the same offense. Instead, what he is seeking is generalized discovery that is not a proper purpose of a bill of particulars.  *United States v. Roberts*, 174 Fed. Appx. 475, 477 (11th Cir. Mar. 30, 2006).   Moreover, Holloway and his co-defendants have a wide berth under Fed. R. Crim. P. 16 and this Court's order allowing inspection of the physical evidence in possession of the government, and thus much if not all of the information Holloway seeks by way of a bill of particulars can be gleaned from the discovery.  Accordingly, the motion for a bill of particulars is **DENIED**.

### III.    *Motion to inspect*

Allan Baitcher's motion to inspect, [Doc. 37], is **GRANTED.**

6

### IV.   *Exclusion of evidence or dismissal of the indictment*

Baitcher and Holloway adopted Fowler's motions, [Docs. 57, 60], to exclude evidence and/or to dismiss the indictment.  They assert entitlement to such relief on the grounds that the government did not timely obtain from the victims some of the purported counterfeit items, as directed by the Court, so that the items could be inspected by the government's expert (who would then draft a report that was to be disclosed to Defendants), and Defendants could inspect the items.  The Court heard arguments from counsel at the motions hearing.  [Doc. 72].  Based on the arguments presented at the hearing, it appears that (1) the delay in getting the items into this District for inspection was due to delay on the part of the alleged victims who possessed the purportedly counterfeit items, and not because of the government's inaction; (2) one supposed victim (Tom Wallace) did not cooperate with the government in sending to the government the items he claimed were counterfeit; and (3) any delay in the government providing an expert report to the defense was caused by the busy schedule of the government's expert, through no fault of the government.

As a result, the Court **RECOMMENDS** that any alleged counterfeit items sold or in the possession of Mr. Wallace be **EXCLUDED** from Defendants' trial, as it appears that Mr. Wallace demonstrated no interest in cooperating with the

AO 72A
(Rev.8/8
2)

government's prosecution efforts, and the Court is powerless to compel his cooperation.

As for the balance of the items that were late in production, the Eleventh Circuit has

formulated the following guidelines:

> Upon violation of Rule 16, the district court may order that the party permit discovery or inspection, grant a continuance, prohibit the violating party from introducing the undisclosed evidence, or enter any other just order.  [Fed. R. Crim. P.] 16(d)(2).  Generally, "the district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders."  *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989).  "Factors for the district court to consider in deciding to impose a sanction include reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses."  *Id.*

*United States v. Parks*, 399 Fed. Appx. 446, 456-57 (11th Cir. Sept. 24, 2010); *see also*

*United States v. Rodriguez*, 765 F.2d 1546, 1557 (11th Cir. 1985) (holding that reversal

not warranted for discovery violation where defendant did not show violation

"prejudiced his substantial rights" by showing, for example, undue surprise, inadequate

opportunity to prepare a defense, or the violation had a substantial influence on the

jury).  Applying this analysis to the present case, the Court concludes that Defendants

have not demonstrated that the government is to blame for the failure of the alleged

victims' tardiness in sending the challenged items to the government, nor is the delay

in producing an expert's report the government's "fault," since it appears, without contradiction, that the government's chosen expert's services were very much in demand in other matters.  In addition, Defendants have not shown that any delay was the result of bad faith of the government.  Further, Defendants have not established that they will be prejudiced by the delay, and in any event, any prejudice is mitigated by excluding Mr. Wallace's items and extending the time within which Defendants may inspect the items and hire their own expert(s).

Therefore, the Court concludes that suppression or exclusion of evidence, other than the items not received by the government from Mr. Wallace, and dismissal of the indictment, are not warranted.  As a result, the Court **RECOMMENDS** that the motions to suppress and to dismiss, [Docs. 57, 60, 68], as adopted, [Docs. 58, 59, 69], be **GRANTED IN PART AND DENIED IN PART**.

## V.    Daubert *Motion*

The Court's staff contacted defense counsel, who indicated that a *Daubert* hearing is not necessary.  As a result, the motion *in limine*, [Doc. 45], is **DENIED WITHOUT PREJUDICE**.

## VI.    *Government's motion for extension of time, [Doc. 61]*

The Court previously granted the motion, [*see* Doc. 72], and extended the time

9

for the government to produce an expert's report until October 28, 2012.

*CONCLUSION*

For the reasons stated above,

• Jacqueline E. Fowler's motions, [Docs. 45, 57, 60, 68, 73 and 80], are **DEEMED WITHDRAWN**;

• James G. Holloway's motion for a bill of particulars, [Doc. 35], is **DENIED**;

• Allan B. Baitcher's motion to inspect, examine and test evidence, [Doc. 37], is **GRANTED**;

• Allan B. Baitcher and James G. Holloway's motion *in limine* regarding *Daubert*, [Doc. 45], is **DENIED WITHOUT PREJUDICE**;

• The undersigned **RECOMMENDS** that the motions to suppress and/or dismiss, [Docs. 57, 60, 68], as adopted by Allan B. Baitcher and James G. Holloway, [Docs. 58, 59, 69], be **GRANTED IN PART AND DENIED IN PART**; and

• the United States' motion for extension of time to file to produce expert's report, [Doc. 61], is **GRANTED**.

The Court has now ruled on all matters referred to it, and there have been no reasons presented to the Court that would necessitate a delay in scheduling a trial as to those Defendants who have not resolved their cases as of this date. Accordingly, this

10

case is **CERTIFIED READY FOR TRIAL**.

      **IT IS SO ORDERED, RECOMMENDED and CERTIFIED**, this the 21st day

of March, 2013.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

11